The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: April 7 2016

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-32999 |
| | ) | |
| Doris F. Rempe, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION
### REGARDING MOTIONS OBJECTING TO EXEMPTION

This case is before the court on motions filed by the Chapter 7 Trustee objecting to Debtor's claimed exemptions in annuity payments. On her Schedule C filed with her petition, Debtor claims an exemption in the annuity payments under Ohio Revised Code § 2329.66(A)(11). The Trustee filed a motion objecting to the claimed exemption [Doc. # 22], and Debtor filed a response [Doc. # 30]. The court held a hearing on that motion, at which the Trustee, Debtor and her attorney all attended in person. At the hearing, additional provisions under the Ohio exemption statute were discussed, and the court granted Debtor leave to file an amended Schedule C. The court stated that the existing record would be considered in deciding any objection and that it would not hold a further hearing on the objections absent a request to do so filed by either party. Debtor filed an amended Schedule C claiming additional exemptions under Ohio Revised Code § 2329.66(A)(6)(b) and (A)(10)(b), [Doc. # 34], and the Trustee filed a motion objecting to those claimed exemptions, [Doc. # 36]. The parties have not requested a further hearing on the objections.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine objections to exemptions are core proceedings that this court may hear and decide. 28 U.S.C. § 157(b)(1), (b)(2)(B).

Having reviewed the record in this case, for the reasons that follow, the court will grant the Trustee's motions.

## FACTUAL BACKGROUND

The following facts are undisputed. In December 1991, Debtor entered into a structured settlement agreement with Insurance Company of North America ("INA") on behalf of its insured in settlement of a wrongful death claim based upon an automobile accident that resulted in her husband's death. [Doc. # 30 and attached Ex. pp. 4-15]. Pursuant to the structured settlement agreement, INA's payment obligations under the agreement were assigned to General American Life Insurance Company, which funded the obligations by purchasing an annuity issued by Integrity Life Insurance Company. [*Id.* at pp. 2-3, 10-12]. In accordance with the structured settlement, the annuity provides, in relevant part, for a stream of monthly payments for twenty years or for Debtor's lifetime, whichever is longer. [*Id.* at 3, 8, 18]. The structured settlement agreement provides that "[t]he periodic payments required to be paid hereunder are not, nor are they intended by the parties to be, compensation for lost income, and the provisions of this instrument shall be construed to give affect to such intent." [*Id.* at 9-10]. The annuity is owned by General American Life Insurance Company. Debtor is the annuitant and payee, and her son is the named beneficiary. [*Id.* at 20].

On September 15, 2015, Debtor filed for relief under Chapter 7 of the Bankruptcy Code. Debtor claims that her interest in the monthly annuity payments, which are currently in the amount of $1,971.13, are exempt under Ohio Revised Code § 2329.66(A)(11), (A)(6)(b), and (A)(10)(b). The Trustee filed timely objections to the claimed exemptions.

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. There is no dispute that Debtor has been domiciled in Ohio for more than the 730 days preceding the date of the filing of her petition such that Ohio exemption

2

law applies in this case. *See* 11 U.S.C. § 522(b)(3)(A).

Under Bankruptcy Rule 4003(c), the party objecting to the exemption, in this case the Trustee, has the burden of establishing that the debtor is not entitled to the claimed exemption. *In re Wengerd*, 453 B.R. 243, 246 (B.A.P. 6th Cir. 2011). The standard of proof is by a preponderance of the evidence. *In re Roselle*, 274 B.R. 486, 490 n.4 (Bankr. S.D. Ohio 2002). In making this determination, and in order to further the fresh-start policy of the Bankruptcy Code, exemption statutes are generally to be liberally construed in a debtor's favor, "and that any doubt in interpretation should be in favor of granting the exemptions." *In re Wengerd,* 453 B.R. at 246-47. The rule that exemption statutes are to be construed liberally in favor of the debtor is also followed by the courts of Ohio. *See, e.g., Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441 (1986); *Dennis v. Smith*, 125 Ohio St. 120 (1932).

The Trustee offers no argument and cites no caselaw in support of her contention that Debtor is not entitled to exempt the annuity payments at issue under § 2329.66(A)(6)(b), (A)(10)(b), and (A)(11). Although subsections (A)(10)(b) and (A)(11) provide exemptions only "to the extent reasonably necessary for the support of the person and any of the person's dependents," the Trustee has offered no argument or evidence that the annuity payments are not necessary for Debtor's support, and the court will assume that they are. Notwithstanding that assumption and for the reasons that follow, the court agrees that Debtor is not entitled to the claimed exemptions based on the Settlement and Release Agreement, the annuity contract, the Qualified Assignment, Release and Pledge Agreement and a letter dated November 24, 2015, from Integrity Life Insurance Company to Debtor's lawyer as the documents forming the record. [Doc. # 30 and attached exhibits].[1]

**I. Ohio Revised Code § 2329.66(A)(6)(b)**

Ohio's general exemption statute, Ohio Revised Code § 2329.66, provides that a person may exempt "the person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code." Ohio Rev. Code § 2329.66(A)(6)(b). Section 3911.10 provides in relevant

---

[1] Although Debtor may be entitled to claim an exemption under Ohio Revised Code § 2329.66(A)(12)(b), which provides that a person may hold as exempt "[t]he person's right to receive . . . [a] payment on account of the wrongful death of an individual of whom the person was a dependent on the date of the individual's death, to the extent reasonably necessary for the support of the person and any of the person's dependents," she has not done so to date. *Cf.* Fed. R. Bankr. P. 1009(a)("A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed."). As a debtor must properly claim an exemption, *see* Fed. R. Bankr. P. 4003, the court does not further address this particular exemption.

3

part as follows:

> All contracts of life or endowment insurance or annuities upon the life of any person. . .which may hereafter mature and which have been taken out for the benefit of . . . the spouse or children, or any persons dependent upon such person . . . shall be held, together with the proceeds or avails of such contracts . . . free from all claims of the creditors of such insured person or annuitant.

To qualify for an exemption under this section, an annuity must satisfy two requirements: (1) it must be an annuity "upon the life of any person," and (2) it must "have been taken out for the benefit of" certain specified beneficiaries of such person, including a spouse, child or other dependent, certain tax-exempt institutions or entities, or a creditor. Ohio Rev. Code § 3911.10.

In this case, the annuity is "upon the life of" Debtor, thus satisfying the first requirement. In determining whether the second requirement under § 3911.10 has been met, courts look to the provisions of the annuity to determine its primary purpose. *See In re Andrews*, 301 B.R. 211, 216 (Bankr. N.D. Ohio 2003)(stating that "while the existence of a beneficiary clause does have some relevancy, it is not dispositive. Instead . . . the focus of whether an annuity qualifies as exempt under § 3911.10 is on the actual substance of the underlying transaction"); *In re Quintero*, 253 B.R. 832, 836-37 (Bankr. N.D. Ohio 2000)(stating that the primary purpose of the annuity was to provide the debtor with a source of income upon retirement); *In re Fichter*, 45 B.R. 534, 536 (Bankr. N.D. Ohio 1984)(notwithstanding that the debtor's wife was named the beneficiary of his annuity, second requirement is not met since the "main purpose" was to provide for the debtor's retirement). In this case, the annuity was taken out by General American Life Insurance Company for the benefit of Debtor herself in settlement of her wrongful death claim. It was not taken out for the benefit of any named beneficiary of Debtor. Although Debtor's son is named as the beneficiary of the annuity in the event of her death, that alone is insufficient to meet the requirement that the annuity was "taken out for the benefit of" her son. *See, e.g., In re Fichter*, 45 B.R. at 536; *In re Cullison*, 117 B.R.314, 316 (Bankr. S.D. Ohio 1990) (finding a tax-sheltered annuity contract was not a contract taken out for the benefit of the debtor's spouse, although she may have had rights to the debtor's interest should he die before the interest is paid in full); *In re Quintero*, 253 B.R. at 836-37. Thus, the annuity payments do not qualify as exempt under §§ 2329.66(A)(6)(b) and 3911.10.

## II. Ohio Revised Code § 2329.66(A)(10)(b)

Section 2329.66(A)(10)(b) exempts, with certain exceptions, a "person's right to receive a payment under any pension, annuity, or similar plan or contract . . . on account of illness, disability, death, age, or

length of service, to the extent reasonably necessary for the support of the person and any of the person's dependents. . . ." The issue that the court must decide is whether the annuity from which Debtor receives payments is the type of annuity contemplated by this provision.

Bankruptcy courts in Ohio have consistently concluded, and this court agrees, that payments referred to under § 2329.66(A)(10)(b) are payments that are intended to provide income that substitutes for wages. *See, e.g., In re Rhinebolt*, 131 B.R. 973, 977 (Bankr. S.D. Ohio 1991) (J. Cole) (finding annuity pursuant to a structured tort settlement was "not in the nature of future earnings"); *In re Simon*, 71 B.R. 65, 66 (Bankr. N.D. Ohio 1987) (J. Speer) (same); *In re Lindsay*, 261 B.R. 209, 213 (Bankr. S.D. Ohio 2001) (J. Caldwell) (finding *Rhinebolt and Simon* persuasive and concluding that an annuity purchased for the purpose of compensating an injured party did not provide payments "akin to future earnings"); *In re Jadud,* No. 12-10292, 2012 WL 4757870, *3, 2012 Bankr. LEXIS 4723, *7-8 (Bankr. N.D. Ohio Oct. 5, 2012) (J. Harris); *see Silliman v. Cassell (In re Cassell)*, 443 B.R. 200, 204 (Bankr. N.D. Ga. 2010) (interpreting identical Georgia exemption). This interpretation is consistent with both the legislative history and the United States Supreme Court's interpretation of § 522(d)(10)(E) of the Bankruptcy Code, which is the federal counterpart of the Ohio exemption. *See* H.R. Rep. No. 95-595, at 362 (1977), *as reprinted in* 1978 U.S.C.A.A.N. 5787, 6318 (stating that "[p]aragraph (10) exempts certain benefits that are akin to future earnings of the debtor"); *Rousey v. Jacoway*, 544 U.S. 320, 331 (2005) (concluding that the common feature of all of the listed plans in § 522(d)(10)(E) is that "they provide income that substitutes for wages earned as salary or hourly compensation").

"'To determine whether a particular plan or contract provides income that substitutes for wages', courts examine the facts and circumstances surrounding the purchase of the contract, as well as the nature and contents of the contracts.'" *In re Jadud*, 2012 WL 4757870 at *3 (quoting *Cassell*, 443 B.R. at 204-05). The annuity at issue in this case was purchased in settlement of a wrongful death claim. While there may at least be an argument in some circumstances that such a settlement constitutes a substitute for wages that would have been earned by the deceased, such circumstances do not exist in this case. The Settlement Agreement specifically provides that the periodic payments required to be paid to Debtor are not intended to be compensation for lost income and that the Settlement Agreement is to be construed to give effect to such intent. As the annuity was not intended to provide income that substitutes for wages, the payments thereunder are not exempt under § 2329.66(A)(10)(b).

*In re Jadud*, relied upon by Debtor in support of her claim of exemption, does not require a different

result. In that case, the debtor claimed an exemption in payments under an inherited annuity that was originally purchased for the benefit her son as part of a structured settlement of a personal injury tort claim. *In re Jadud*, 2012 WL 4757870 at *1. The court allowed the exemption under § 2329.66(A)(10)(b) based, in part, on the fact that the record was unclear as to whether the annuity payments were a substitution for wages lost as a result of the debtor's son being rendered partially or totally disabled. *Id.* at *6. The trustee had thus not met his burden of proving that the payments were not a substitute for wages. *Id.* As discussed above, the Settlement Agreement in this case makes clear that the payments required thereunder were not intended to be a substitute for wages.

### III. Ohio Revised Code § 2329.66(A)(11)

Under Ohio Revised Code § 2329.66(A)(11), a person may exempt "[t]he person's right to receive spousal support, child support, an allowance, or other maintenance to the extent reasonably necessary for the support of the person and any of the person's dependents." While the case law interpreting § 2329.66(A)(11) is sparse, for the reasons that follow, the court agrees that Debtor is not entitled to an exemption in the annuity payments under this provision.

The annuity payments from Integrity Life Insurance Company to Debtor clearly are neither spousal support nor child support. However, the exemption set forth in § 2329.66(A)(11) also extends to an "allowance" or "other maintenance." The Ohio Revised Code does not define either term. Courts must therefore look to the ordinary and accepted meaning of the statutory terms and must read the terms in context. *See* Ohio Rev. Code § 1.42. "Maintenance" is defined as "the furnishing by one person to another, for his or her support, of the means of living, or food, clothing, shelter. . . ." *Blacks Law Dictionary* (6th ed. 1990). It thus "denotes a concept akin to or attendant to support of another." *In re Delmoe*, 365 B.R. 124, 130 (Bankr. S.D. Ohio 2007). "Allowance" is defined as "a portion assigned or allowed." *Blacks Law Dictionary* (6th ed. 1990). While "allowance" taken out of context might be construed more broadly, as one court noted, "the courts of Ohio have limited the application of the statute to those situations where the purpose of the grant was to provide support for the debtor or his/her dependents." *In re Delmoe*, 365 B.R. at 130 (citing cases). The court explained that "[i]f the Ohio legislature had intended to exempt any funds or 'allowance' that a debtor alleges is required to support himself, there would be no need for any additional exemptions to protect benefits, aid or other income streams to a debtor." *Id.* at 131. Courts construing a similar exemption found in 11 U.S.C. § 522(d)(10)(D) have likewise concluded that "when read as a whole," the statute exempts "payments from the bankruptcy estate that are intended by the parties or the state court

to support a spouse." *Harbaugh v. Sweet (In re Sweet)*, 257 B.R. 485, 491 (E.D. Mich. 2001); *see Brown v. Moyer (In re Brown),* 391 B.R. 210 (Table), 2008 WL 2404926, *7 (B.A.P. 6th Cir. 2008) (finding *Harbaugh* persuasive and remanding the case to the bankruptcy court to determine whether the payments at issue (1) were intended by the parties or the state court to be spousal support and (2) were reasonably necessary for such purpose).

The court finds that the annuity payments at issue in this case are qualitatively different than an "allowance or other maintenance" within the meaning of § 2329.66(A)(11). The purpose of the annuity was to fund the structured settlement of Debtor's wrongful death claim against a tortfeasor, not to provide support. While Debtor may currently use the annuity payments as a means of providing for her support, that was not the purpose of the structured settlement. That fact is underscored by the fact that, under the terms of the annuity, monthly payments were guaranteed for twenty years, regardless of whether or not Debtor was alive during that entire period. Under the reasoning of *In re Delmoe* and *Harbaugh,* with which this court agrees, Debtor is not entitled to exempt the annuity payments under § 2329.66(A)(11).

## **CONCLUSION**

For all of the foregoing reasons, the Trustee's motions objecting to Debtor's claimed exemptions under § 2329.66(A)(6)(b), (A)(10)(b) and (A)(11) will be granted. The court will enter a separate order as to each of the Trustee's motions in accordance with this Memorandum of Decision.

###

7

15-32999-maw    Doc 37    FILED 04/07/16    ENTERED 04/07/16 15:13:07    Page 7 of 7