In re:  REMPE, DORIS F                          Case No. 15-32999

            Debtor(s)                           Judge Mary Ann Whipple

## MOTION OF TRUSTEE FOR ORDER
## APPROVING SALE OF DEBTOR'S ANNUITY

Ericka S. Parker, Trustee ("Trustee"), the Chapter 7 Trustee for the Bankruptcy Estate of Doris F. Rempe ("Debtor"), hereby requests the entry of an Order authorizing and approving the sale of the Debtor's Annuity ("Motion"). In support of the Motion, the Trustee respectfully states as follows:

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N) and (O).

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3.      The statutory predicates for the relief sought herein are 11 U.S.C. §§105 and 363 and Fed. R. Bankr. P. 6004.

4.      On 09/15/15, the Debtor filed a Voluntary Petition for relief under Chapter 7 of Title 11 of the United States Code.

5.      According to the Debtor's Schedules, the Debtor owns a certain Annuity issued on 10/17/1991 by Integrity Life Insurance Company, from which the Debtor was to receive monthly life contingent payments each in the amount of $2,010.55 starting on 7/1/2016 and continuing for life increasing 2% annually each December ("Annuity") attached hereto as Exhibit "A."

6.     On 05/14/2016, this Court approved the application of the Trustee to employ Melville Capital as her broker to market and sell the Annuity, Docket Entry Number 44.

7.     An offer has been made to purchase the Annuity by Highpoint Funding, LLC ("Highpoint") in the amount of $205,000.00. The Trustee believes that the sale price of $205,000.00 is fair and reasonable, and in the best interests of the estate, all creditors and the debtor. THIS SALE WILL PAY ALL CREDITORS IN FULL WITH SURPLUS FUNDS OF $100,000.00 BACK TO THE DEBTOR. The purchase agreement is attached hereto as Exhibit "B" and incorporated herein.

8.     By way of this Motion, the Trustee seeks an Order authorizing the sale to Highpoint. Such sale would be as is/where is, without any representations or warranties and, specifically, free and clear of all liens, claims, and encumbrances. The Trustee is unaware of any liens or claims on the Annuity.

9.     The offer is subject to higher and better bids and is subject to the Court's approval.

10.     Section 363(b) of the Bankruptcy Code provides that a trustee "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate . . .." The sale of property, other than in the ordinary course of business, will be approved where there is an articulated business justification. *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbotts Dairies of Pennsylvania. Inc.*, 788 F. 2d 143 (3d Cir. 1986) (requiring good faith purchasing).

11.     Contemporaneously with the filing of this Motion, the Trustee has served notice of the Motion, the hearing and objection deadline on the United States Trustee, the

Debtor, counsel to the Debtor, all parties who expressed interest, all parties who requested notice pursuant to Fed. R. Bankr. P. 2002 and all creditors, *via* regular, postage prepaid mail.

WHEREFORE, the Trustee respectfully moves for the entry of an Order allowing the sale of the Debtor's Annuity pursuant to §363 of the Bankruptcy Code, and for such other and further relief as is just.

Respectfully,

**/s/ Ericka S. Parker**
Ericka S. Parker (0068217)
232 10th Street
Toledo, OH 43604
(419) 243-0900
Fax (419) 243-0955

**NOTICE**

**Pursuant to Rule 2002(a)(3) of the Bankruptcy Rules, this Notice is to all persons entitled to notice, that the respondent has twenty – one (21) days, or such other time as fixed by Bankruptcy Rule or statute or as the Court may order, after service to file and serve a response or a request for a hearing and that if a response or request is not timely filed with the Court and served upon the movant, the Court may grant the relief requested in the Motion without a hearing.**

**CERTIFICATE OF SERVICE**

I certify that on 7/8/2016, a true and correct copy of the Motion to Sell was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

WILLIAM J. BRENNER, on behalf of REMPE, DORIS F, debtor(s) at bbrenner52@live.com
Daniel C. Wolters, on behalf of Creditor Citi Financial Servicing, LLC at amps@manleydeas.com
And all creditors listed on the attached Exhibit "C"
Office of the US Trustee at (Registered address) at usdoj.gov

And by regular U.S. mail, postage prepaid on:

REMPE, DORIS F, Debtor(s) at 215 OHIO DRIVE, BRYAN, OH 43506

**/s/Ericka S. Parker**
Ericka S. Parker (0068217)
232 10th Street
Toledo, OH 43604
419-243-0900
FAX (419) 243-0955
esparker@sbcglobal.net

 **Integrity Life Insurance Company**

A member of Western & Southern Financial Group



Annuity Operations Group
PO Box 5720
Cincinnati, OH 45201-5720
toll free 800.325.8583
fax 888.220.2677
WSFinancialPartners.com

November 24, 2015

WILLIAM J BRENNER
ATTORNEY AND COUNSELOR AT LAW
112 N DEFIANCE ST
JPO BOX 411
STRYKER OH 43557

Dear Mr. Brenner:

                     Re: Structured Settlement 91380443 I

The following information is being sent to you in response to a request for a benefit letter on this Structured Settlement Contract.

Integrity provides the list below of payments that remain to be paid under the contract regardless of whether one or more of the payments has been assigned or is subject to garnishment or other encumbrance. We trust you are aware of any applicable encumbrances relating to the payments.

The amount of $1,250.00 due December 1, 1991 and payable monthly through November 1, 2011 and thereafter for the life of the annuitant, with a 2% increase in payments each contract year.

The current monthly payment amount is $2,010.55.

**A lump sum payment in the amount of $50,000.00 paid December 1, 1996.**

**These payments may not be accelerated, deferred or decreased.**

**Since this is a Structured Settlement Contract there is no account value.**

This benefits letter is provided as a courtesy. In the event of conflict between this letter and the contract, the terms of the contract control.

If you should have any questions, please call our office at our toll-free number 1-800-325-8583 and we will be happy to assist you.

Sincerely,

*Rennette Rollinson*

Rennette Rollinson
Annuity Administrator

Cc: Doris Fay Rempe

# QUALIFIED ASSIGNMENT, RELEASE AND PLEDGE AGREEMENT

**"Claimant-Secured Party":** Doris Rempe ███████████

**"Assignor":** INSURANCE COMPANY OF NORTH AMERICA

**"Assignee-Debtor":** General American Life Insurance Company

**"Annuity Issuer":** Integrity Life Insurance Company

**"Annuity" (Pol. No.):** 91380443

**"Effective Date":** October 17, 1991

This Agreement is made and entered into by and between the parties hereto as of the Effective Date with reference to the following facts:

A. Claimant-Secured Party has executed a settlement agreement or release dated _____ 19____ (the "Settlement Agreement", which provides for the Assignor to make certain periodic payments to or for the benefit of the Claimant-Secured Party as stated in paragraph 15 of the agreement (the "Periodic Payments"); and

B. The parties desire to effect a "qualified assignment" in accordance with section 130(c) of the Internal Revenue Code of 1986, as amended (the "Code").

C. The Assignee-Debtor desires to make the Claimant-Secured party a secured creditor with respect to the Assignee-Debtor's obligation to make the Periodic Payments.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the Parties agree as follows:

1. The Assignor hereby assigns and the Assignee-Debtor hereby assumes all of the Assignor's liability to make the Periodic Payments. The Assignee-Debtor assumes no liability to make any payments not specified in paragraph 15 of this agreement. The Claimant-Secured Party hereby accepts the Assignee-Debtor's assumption of the Assignor's liability to make the Periodic Payments and therefore releases the Assignor from all such liability.

2. The Periodic Payments constitute damages on account of personal injury or sickness in a case involving physical injury or physical sickness within the meaning of sections 104(a) (2) and 130 (c) of the Code.

3. The Assignee-Debtor's liability to make the Periodic Payments is no greater than that of the Assignor immediately preceding this Agreement. Thus, none of the Periodic Payments may be accelerated, deferred, increased or decreased, nor may any of them be anticipated, sold, assigned or encumbered.

4. The obligation assumed by the Assignee-Debtor with respect to any Periodic Payment shall be discharged upon the making on or before the due date of a valid check in the amount specified to the address of record.

5. This Agreement shall be governed by and interpreted under the laws of the State of Ohio.

6. The Assignee-Debtor may fund the Periodic Payments by purchasing the Annuity from the Annuity Issuer to serve as a "qualified funding asset" within the meaning of section 130(d) of the Code. The Assignee-Debtor shall own and control the Annuity, except as provided in paragraphs 11 & 12 of this Agreement.

7. The Assignee-Debtor may have the Annuity Issuer send payments from the Annuity directly to the payee(s) specified in paragraph 15 of this agreement. Such direction of payments shall be solely for the Assignee-Debtor's convenience and shall not provide the Claimant-Secured Party or any payee with any rights of ownership, or of control over the Annuity, or against the Annuity Issuer.

8. The Assignee-Debtor's liability to make the Periodic Payments shall continue without diminution regardless of a bankruptcy or insolvency of the Assignor.

9. In the event the Settlement Agreement is declared terminated by a court of law or if Section 130 (c) of the Code has not been satisfied, then this Agreement shall terminate. The Assignee-Debtor shall then assign ownership of any "qualified funding asset" purchased hereunder to the Assignor, and the Assignee-Debtor's liability for the Periodic Payments shall terminate.

Upon such event, all of the liabilities, obligations and duties of Assignor shall resume in full.

10. This Agreement shall be binding upon the respective representatives, heirs, successors and assigns of the parties hereto and upon any person or entity that may assert any right hereunder or to any of the Periodic Payments.

11. The Assignee-Debtor hereby pledges and grants a security interest in the Annuity, which may be after-acquired, to the Claimant-Secured Party to the extent permitted by law in order to secure the promise of the Assignee-Debtor to make the Periodic Payments. The Assignee-Debtor shall notify the Annuity Issuer of this Agreement and shall deliver the Annuity to the Claimant-Secured Party upon execution of this Agreement and receipt by Assignee-Debtor of the Annuity.

12. The Assignee-Debtor shall have all ownership rights and control in the Annuity, including the rights to receive and retain all benefits under the Annuity, so long as the Assignee-Debtor has not failed due to insolvency or bankruptcy to make any of the Periodic Payments. All such rights shall cease, and all such rights shall vest in the Claimant-Secured Party, along with ownership of the Annuity, if any such failure to make any of the Periodic Payments is not cured by the Assignee-Debtor within 90 days after receiving notice of such failure from the Claimant-Secured Party. In such event, the remaining obligations of the Assignee-Debtor under this agreement will be considered discharged on a pro tanto basis to the extent that payments are received by Claimant-Secured Party from the Annuity Issuer.

13. The Assignee-Debtor makes no representation with respect to the tax consequences of this Agreement or the accuracy of the security interest created hereby.

14. Any notice to a party hereunder shall be in writing and shall be deemed to have been given when mailed to the party's address of record.

## 15 Description of Periodic Payments

DORIS FAY REMPE

Commencing on December 1, 1991, and continuing on the 1st day of each month thereafter for 240 months (20 years), or for the lifetime of DORIS FAY REMPE, whichever is longer, monthly payments of $1,250.00. These payments are guaranteed for 240 months (20 years) and will escalate at 2% compounded annually. In addition to the Periodic Payments, DORIS FAY REMPE shall receive the following guaranteed lump sum payment:

$50,000    due 12-01-1996

~~████████████~~

Commencing on March 1, 1998, and continuing on the 1st day of each month thereafter for a guaranteed period of 22 months (1 year and 10 months), monthly payments of $750.00. Commencing on January 1, 2000, and continuing on the 1st day of each month thereafter for a guaranteed period of 84 months (7 years), monthly payments of $772.50 escalating at 3% compounded annually. In addition to the Periodic Payments, MICHAEL BERNARD REMPE shall receive the following guaranteed lump sum payments:

$25,000    due 03-01-2002
$40,000    due 03-01-2005

## 16. Beneficiary Designation

Doris Fay Rempe appoints Michael B. Rempe, son, as her beneficiary.

Michael B. Rempe appoints Doris Fay Rempe, mother, as his beneficiary.

| | |
|---|---|
| **Assignor:** INSURANCE COMPANY OF NORTH AMERICA | **Claimant-Secured Party:** |
| By: _G. Michael Cook_ | Doris Fay Rempe |
| G. Michael Cook, Liability Specialist | By: _Doris F Rempe_ |
| Address: | Address: |
| P.O. Box 80442 | 04-308-15D |
| Indianapolis, IN 46280-0442 | Bryan, Ohio 43506 |

| | |
|---|---|
| **Assignee-Debtor:** General American Life Insurance Co. | Approved as to form and content: |
| By: _____ | By: _____ |
| Joint Venture Executive: | Attorney for Claimant Secured Party |
| | John S. Shaffer |
| Address: c/o Integrity Life Insurance Co. | By: _Doris F Rempe_ |
| 1325 Avenue of the Americas | Guardian ad Litem |
| 22nd Floor | |
| New York, NY 10019 | |

# INTEGRITY LIFE INSURANCE COMPANY

*Phoenix, Arizona*

Administrative Office: 200 East Wilson Bridge Road
Worthington, Ohio 43085

*Agrees* to pay the annuity benefits of this contract.

This agreement is subject to the provisions of this contract.

The amount of the single premium for this contract is shown on page three.

**Ten Days to Examine Contract**—If for any reason you are not satisfied with your contract, you may cancel it by returning the contract to us within 10 days after receiving it. If you do, we will refund the premium that was paid.

*Franklin Maisano*

Franklin Maisano        President

*Kevin Keefe*

Kevin Keefe        Secretary

Annuity payable during Annuitant's lifetime, with period certain.
Single premium. Contract does not participate in dividends.

SPIA-INT-82A



## Contents

Contract Summary 2
Annuity Benefits 2
Owner 4
Beneficiary 4
The Contract 4

Age and Sex 4
Assignment 4
Method of Payment 4

A copy of the application is included in this contract
after page three.

## In this contract:

"We," "our" and "us" mean Integrity Life Insurance
Company.

"You" and "your" mean the Owner.

## Contract Summary

This Summary briefly describes the major contract pro-
visions. However, the actual provisions will control, so
read them for a full description of the benefits of this
contract.

This is a Life Annuity With Period Certain contract.
Under it we pay an annuity during the Annuitant's
lifetime either to the Annuitant or to another named
payee. In any event we will make payments for at least
the period certain. The annuity ends when the Annui-

tant dies or at the end of the period certain, if later.
Payments due after the Annuitant's death will be made
to the Beneficiary. The Beneficiary can be changed
unless otherwise stated.

We provide this annuity in consideration of payment of
the single premium. This contract does not share in our
surplus, so there will be no dividends. Benefits will be
adjusted if the Annuitant's age or sex has been
misstated.

## Annuity Benefits

We will pay an annuity in the amount and on the dates,
and for the period certain shown on page three. After
the end of the period certain we will make the payments
for as long as the Annuitant lives. The annuity will end
with the last payment due before the Annuitant's death
or at the end of the period certain, if later.

We will make the payments to the Annuitant unless
another payee has been named. We
will make them to this payee while the Annui-
tant is living.
any payments that are to be made for the remainder of
the period certain to the Beneficiary.



SPIA-INT-82A

DATE OF ISSUE   November 1, 1991

| | | |
|---|---|---|
| THE ANNUITANT | Doris Fay Rempe | October 17, 1991 | REGISTER DATE |
| ANNUITY | SEE BELOW | 913804431 | CONTRACT NUMBER |
| SINGLE PREMIUM | PAID IN FULL | 20 YEARS | PERIOD CERTAIN |
| BENEFICIARY | AS DESIGNATED IN APP | 30 1/12  Female | ISSUE AGE & SEX |

ANNUITY PAYMENTS
AMOUNTS AND DUE DATES

PAYABLE TO DORIS FAY RE____

$1,250.00 DUE December 1, 1991 AND PAYABLE MONTHLY THROUGH _____ _, ____
AND FOR LIFE THEREAFTER, WITH A 2% INCREASE IN PAYMENT ___

A LUMP SUM PAYMENT OF $50,000.00 DUE December _ ____.



WITH A 3% INCRE____ ___ _____ ____ CONTRACT YEAR.



SPIA-INT-82A                          PAGE THREE

Attachment To Integrity Life Application

Direction of payments for

D.O.B 11/1/80
SS# 0987

$750.00 Per Month for 1yr. and 10 Months to begin. 3/1/98

$772.50 Per Month for 7yrs compounding annually at 3% to begin. 1/1/2000

$25,000.00 to be paid on 3/1/2002
$40,000.00 to be paid on 3/1/2005

Make checks payable and mail to:

04-308 Cou
Bryan Ohio 43506

Beneficiary: Doris F. Rempe, Mother

Received
Annuity Payouts

OCT 28 1991



# Integrity Life Insurance Company (Integrity) Application for a Immediate Annuity

**1. Proposed Annuitant(s)**

a. Print name(s) and sex(es) as it (they) is (are) to appear on the Contract (Note: Only one annuitant should be designated unless the form of annuity requested is a joint and survivor).

1. DORIS FAY REMPE F
   First   Middle Initial   Last   Sex

2. _____
   First   Middle Initial   Last   Sex

b. Date of Birth:

1. Month 9 Date 5 Year 19 61

2. Month ____ Date ____ Year 19 ____
   (Attach birth certificate(s) or other proof)

c. State(s) of Residence: Ohio

d. Social Security or Tax Number(s): ___-___-1443

Submit evidence of age, for each annuitant, preferably a birth or baptismal certificate or a school record.

**2. Type of Purchase**

A. Non-Qualified
   ☐ Individual
   ☒ Structured Settlement
   ☐ Deferred Compensation
   NOTE: The following requirements must be provided if the proposed annuitant is to receive the payments directly from Integrity.
      1. Direction from the Owner, with the right of revocation, to pay the proposed annuitant.
      2. W-4 Wage Withholding Statement.
   ☐ Other — Explain _____

B. Qualified
   ☐ Corporate Pension or HR-10 Trustee Purchase (Attach IRS Letter of Approval and ERISA Information Statement)
   Application must be signed by proposed Annuitant and Trustee
   For Defined Contribution Plans Only, complete the following:
   Does the Plan permit the purchase of this contract?
      ☐ Yes   ☐ No
   For Defined Benefit Plans Only, complete the following:
   Does the Plan permit the Trustee to purchase the contract applied for with the single sum equivalent of the retirement benefit called for under the plan?
      ☐ Yes   ☐ No
   ☐ IRA Rollover (Premium must be a distribution from a Qualified Plan and must be received by Integrity within 60 days of the date of the distribution check). Application must be signed by the Annuitant(s). This is an IRA ROLLOVER Total Lump Sum Distribution from a Qualified Plan and does not include Annuitant's contributions.
   ☐ Other — Explain _____

**3. Plan**
   ☐ Life   ☐ Refund   ☐ Life-10 Yrs. Certain
   ☒ Life-20 Yrs. Certain   ☐ Joint & Survivor Life
   ☐ Joint & Survivor Refund   ☐ Other - Explain in detail
   20 yrs CERTAIN + LIFE 2% ANNUAL Escalation
   The Life and the Joint and Survivor Life Annuity provide no benefit on or after the death of the Annuitant(s).

**4. Annuity Payable:**
   ☒ Monthly   ☐ Annually   ☐ Other _____

**5. Complete one only:**
   ☐ Amount of each annuity payment: $ 1250.00
   ☐ Amount purchased by a single premium of $ _____

**6. Beneficiary** for any payment after death of Annuitant(s). Applicable only if payment provides a refund or period (Include FULL NAME, SOCIAL SECURITY NUMBER(S) and RELATIONSHIP to Annuitant(s):
   Michael B. REMPE, SON
   SS# ___-___-0987

   Any periodic payments to a Beneficiary will ____ unless otherwise specified herein. The right to beneficiary is reserved to the Owner. If more than one Beneficiary is to share in the payments, the payments will be made in equal shares to the beneficiaries. _____ each payment _____ _____

**7. Owner** (Complete if other than Annuitant)
   GENERAL AMERICAN LIFE
   Name
   Address: _____
   _____
   Social Security or Tax No. _____

**8. Payee** (Complete _____)
   DORIS FAY _____
   Full Name of Payee: _____
   Social Security or Tax No.  Date of Birth ____
   Full Name of Joint Payee, if any   Relationship to Annuitant
   Social Security or Tax No. _____   ____

**9. Send Payments to**
   04-308 County Rd N-15
   No. and Street
   BRYAN Ohio   43506
   City and State   Zip
   NOTE: Payments may be deposited directly to a checking or savings account. If desired, an Integrity Direct Deposit Form _____ mitted with the application.

**10.** Will _____
   changed _____
   will be _____

**11. Special Instructions**
   IMPORTANT — The _____
   are received _____
   date is required.
   The first Initial _____
   after the effective _____
   payment date or a later irregular Initial _____
   selected.

   a. Defer Initial Payment to 12-1- 19 91
      Mo.   Day   Yr.
   b. Provide First Irregular Payment on ____ 19 ____
      Mo.   Day   Yr.
   c. Other _____
      _____ Lur; _____
      _____
      SEE _____

INT-4-402

15-32999-maw   Doc 46   FILED 07/08/16   ENTERED 07/08/16 14:42:10   Page 12 of 27

**12.** **Amount Paid With Application**

$ _____ (Checks must be drawn to the order of Integrity Life and are received subject to collection).

**13.** **Notice of Withholding of Income Tax**

Federal tax law requires Integrity to withhold Federal income tax from the taxable portion of your annuity unless ____ elect not to have withholding apply. Withholding wi__ done on the same basis as wage withholding. Unless you request otherwise on the form below, Integrity will be re-quired to withhold on the basis that yo__ ____ three exemptions.

Federal law also requires that you provide us with your correct Taxpayer Identification Number(s) (TIN's). If you fail to provide us with your correct TIN, usually - __ Security Number, Integrity will be required to withhold on the basis that you are single claiming no exemptions.

Certain states may also require income tax withholding from the taxable portion of your annuity. In most cases, your Federal withholding election would also apply to a state withholding election, although the rate of tax may ____ among states. Please note, however, that Integr___ perform mandatory withholding if required by ____ ___.

If you DO NOT want taxes withheld, che__ __ ___ sure that the correct TIN's have been entere__ that you have completed the certification _____ If you want taxes withheld, check Box B. Check Box __ additional amounts to be withheld in addition to the with-holding based on the withholding allowances specified ___ B.

Your election will remain in effect until you file a new election and you may make or revoke an elec___ ___ you wish. Any completed election or revoc____ effect within 30 days of the date Integrity rec____ ___.

If you elect NOT to have taxes withheld, or if the amount of Federal tax withheld is not enough, you ___ ___ ___ for payment of estimated tax. You may incur pen____ ____ the estimated tax rules if your withholding and ____ payments are not sufficient. For this purpose you may ___ to consult your tax adviser.

**A.** ☒ I DO NOT want Federal income tax (or state tax, if applicable) withheld ____ ments. (DO NOT complete ____ __ ___

**B.** ☐ I want Federal income tax (and any additional income tax) withheld on the following also designate an additional amount of Federal ____ ___ __ ____ __

**C.** ☐ I want _____

**D.** ☐ I hereby certify under the penalties of perjury that the Taxpayer _____

Signed _____

**14.** **Agreement**

____ _____ ___ __ ___ ____ __ ___

**A.** The statements and answers ____ ___

____ ____ ___ __ ___ ____ ___ __ ___ cation.

____ ____ ___ ___ ___

_____ (day) _____ (mo.) ___

**(X)** _____
Signature ___

____ ___
Signature of Propos___ ____

_____

authorized ___

---

## SALES REPRESENTATIVE'S REPORT SECTION

Will any existing insurance or annuity be replaced or changed (or ___ __ __ ___
☐ Yes ☒ No

I certify that I have asked and recorded completely and accurate__ affecting the risk that has not been recorded herein.

Signature _____ 10 __ __

Representative's Name (Print) **DON WEEKS**

Social Security # _____  Phone Number _____

Representative's Branch Address **STRUCTURED ANNUITIES INC**
**4330 W. Vickery Ft. Worth Tx 76107**

Firm Name and Main Office Address _____  77012 _____  58.2__

Mail Application and Check to:
Integrity Life Insurance Company
P.O. Box 80735
Chicago, IL 60680-0735

For Express Mail:
Integrity Life Insurance Comp___
Suite 1480 South
300 South Riverside ____
Chicago, IL 60606

For ____ ____
400 East Wilson
Worthington, O__

All contracts will be mailed to your Home Office unless otherwise indicated.

OCT 18 1991
COPY

OWNER. The Owner of this contract is the Annuitant unless otherwise stated in the application, or later changed. As Owner, you can exercise ... ... ... contract. You do not need the consent of anyone who has only a conditional or future ownership interest in the contract.

You may change the Owner by written notice satisfactory to us. The change will take effect on the date you sign the notice, except that it will not apply to any payment we make or other action we take before we receive the notice.

BENEFICIARY. The Beneficiary is as stated in the application unless later changed. If two or more persons are named, those surviving when payment is ... share equally unless otherwise stated.

The Beneficiary can be changed unless otherwise stated in the application or in an endorsement. If the Beneficiary can be changed, you have the right to do so unless someone else has been given that right ... plication. Any person who has ... ... ... Beneficiary may do so while the Annuitant ... while no assignment of this contract is ... ... written notice in a form satisfactory to us. The change will take effect on the date that person signs the notice. However, it will not apply to any payment we make or other action we take before we receive the notice.

If when the Annuitant or the Beneficiary dies there is no named living person entitled to receive any remaining annuity payments, we will commute those payments into a single sum, unless otherwise restricted in the application, and pay it to the estate of the last to die of the Annuitant and the Beneficiary. We will commute ... basis of compound interest at the Commutation ... Rate shown on page three.

Unless otherwise restricted in the application, a Beneficiary who is receiving annuity payments may name and change a successor payee ... would otherwise pay to the Beneficiary ...

naming and changing of a successor payee shall ... ... and will take ...

The Beneficiary may not assign any amo... ... to the Beneficiary under this contract. Such amount ... not be subject to the claims of creditors or to legal ...

... many payments to a beneficiary, so that each payment is for at least $20.

THE CONTRACT ...

... ... ...

the entire contract.

All statement ...
... ...

METHOD OF PAYMENT. We will make ... ... by check. We may require satisfactory proof ... ... ...

SPIA-INT-82A

EXHIBIT



tabbies

B

# ABSOLUTE ASSIGNMENT AGREEMENT
## (THE "AGREEMENT")

I, **Ericka S Parker Trustee For The Bankruptcy Estate Of Doris Rempe**, ("I", "Me" or "Assignor") residing in the state of OH, am entitled to certain payments which I am receiving as the result of the settlement of a personal injury claim. The terms of the settlement are set forth in an agreement (the "Settlement Agreement"). The Periodic Payments are due to me from **General American Life Insurance Company** (the "Settlement Obligor"). The Settlement Agreement provides for the Periodic Payments to be paid to me through an annuity issued by **Integrity Life Insurance Company** (the "Annuity Issuer").

A. I agree to sell to Highpoint Funding, LLC. ("you" or "Assignee") and its assigns through an assignment, all of my rights to an interest in the following payments, which I am due to receive under the Settlement Agreement:

> *Monthly life contingent payments each in the amount of $2,010.55 starting on 7/1/2016 and continuing for life increasing 2% Annually each December;* (the "Assigned Payments")

The Assigned Payments are life-contingent. A life insurance policy will be purchased to cover the undiscounted sum of all such life-contingent structured settlement or annuity payments sold to Assignee and not yet received as of the date of my death prior to the due date of the last life-contingent Assigned Payment. In return [or compensation] for selling and assigning to you my rights to receive these payments, you shall pay me the sum of: **$205,000.00** (the "Assignment Price").

B. In order to induce you to proceed with this transaction; I make to you the following unconditional representations, warranties and promises:

1. No one other than me has any interest or claim of any kind or nature in, to or under the Assigned Payments.

2. I am not indebted to anyone that would in any way affect either the assignment of the Assigned Payments referenced above or Assignee's absolute rights to receive the Assigned Payments.

3. I agree to conduct my affairs so as to ensure that you receive these payments exactly in the amounts, and exactly at the times stated in paragraph A above.

C. I understand and agree that I will be in breach of this Absolute Assignment Agreement if:

1. Any of the representations set forth in Paragraphs B (1) and B (2) at any time turn out to be untrue.

2. I fail to perform the promise set forth in Paragraph B (3) above.

3. Either the Settlement Obligor or the Annuity Issuer refuses or fails to make any one or more of the Assigned Payments as a result of any act by me, my estate, my representatives, or any of my heirs.

4. I fail to promptly forward to you any of the Assigned Payments that might be received by me from Settlement Obligor or Annuity Issuer after the Assignment to you has been

completed.

   5. I fail to fulfill any other obligation of mine under this Agreement.

D. Your obligation to complete this transaction and to pay me the Assignment Price depends upon the following conditions being satisfied, unless waived by you.

   1. You shall be satisfied, in your sole reasonable judgment, that there are no claims or interests of any kind or nature that do or could affect your rights to or interest in the Assigned Payments and/or prevent or interfere with your receipt of the Assigned Payments on the dates and in the amounts described above in Paragraph A, exactly in such amounts and at the times set forth therein.

   2. You have received a final non-appealable court order and/or a signed acknowledgment from Settlement Obligor and Annuity Issuer (collectively referred to as the "Order"), which you, in your sole judgment, consider sufficient to recognize, authorize, and provide for the transfer by assignment of the Assigned Payments (which may continue to be made out to my name) to you, Assignee, and to insure that the Periodic Payments due on or after the day of the Order will be forwarded directly to you.

   3. Assignee shall have received final financing approval from applicable funding source(s).

   4. In the event any of the Assigned Payments are life-contingent, Assignee shall have received a fully paid for life insurance policy acceptable to the Assignee, in its sole discretion, on the life of the Assignor. The cost for this policy will be deducted from the purchase price listed above. In the event that that Assignor does not qualify for a life insurance policy, the Assignee may at its sole discretion charge a premium for self-insuring the policy against the risk of death of the Assignor. This self-insurance cost will be equal to the estimated cost of insurance ("Good Faith Estimate") contained in the state disclosures sent to the Assignor prior to the signing of this agreement.

E. **Security Interest.** You and I intend this Agreement to create a security interest in the rights to and interest in the Assigned Payments which I am assigning to you under this Transfer Agreement as "General Intangibles" to the extent permitted under that version of Article 9 of the Uniform Commercial Code (governing Secured Transactions) that is in effect in the state designated in Paragraph F below. This Agreement shall also function as a security agreement. This security interest secures payment of the rights assigned by me to you and the performance of my obligations under Paragraph B above. I authorize you to direct any account debtor or obligor on an instrument, including, without limitation, Settlement Obligor or Annuity Issuer, to make periodic payments directly to you and as contemplated by the Uniform Commercial Code. You (Assignee) are authorized to file a UCC-1 Financing Statement to perfect your rights and the security interest intended to be created under this Agreement.

F. Any disputes between the parties will be governed, interpreted, construed, and enforced in accordance with the laws of the state of domicile of the Assignor, which state is the proper venue to bring any cause of action arising out of a breach of the agreement. The parties agree to the jurisdiction of any court of competent jurisdiction located in the state of domicile of the Assignor.

## ARBITRATION

Any and all controversies, claims, disputes, rights, interests, suits or causes of action arising out of or relating to this agreement and the negotiations related thereto, or the breach thereof, shall be settled by binding arbitration administered by the American Arbitration Association. The demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association offices in your state of residence. The arbitration shall be held in the largest city in your state of residence. The arbitration shall be held before a single arbitrator selected in accordance with the Commercial Arbitration Rules of the American Arbitration Association in effect at the time that the demand for arbitration is filed. Discovery, specifically including interrogatories, production of documents and depositions shall be at the discretion of the arbitrator and to the extent permitted shall be conducted in accordance with, and governed by the Federal Rules of Civil Procedure.

A demand for arbitration shall be made within a reasonable time after the claim, dispute or other matter in question has arisen. In no event, shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question, would be barred by the applicable statute of limitations.

No arbitration arising out of or relating to this agreement shall include, by consolidation or joiner or in any other manner, an additional person or entity not a party to this Agreement, except by written consent of the parties hereto, containing a specific reference to this Agreement and signed by the entity sought to be joined. Consent to arbitration involving an additional person or entity shall not constitute consent to arbitration of any claim, dispute or other matter in question not described in the written consent or with a person or entity not named or described therein. The foregoing agreement to arbitrate and other agreements to arbitrate with an additional person or entity duly consented to by parties to this Agreement, shall be specifically enforceable in accordance with applicable law in any court having jurisdiction thereof.

The award rendered by the arbitrator shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. Such arbitrator shall identify the substantially prevailing party and shall include legal fees and expenses for the substantially prevailing party.

This provision does not apply to the extent inconsistent with applicable state law regarding the transfer of structured settlement payments. In such case any disputes between the parties will be governed in accordance with the laws of the domicile state of the payee and the domicile state of the payee is the proper venue.

G. I hereby grant to you an irrevocable Power of Attorney with full powers of substitution to do all acts and things that I might do regarding the Assigned Payments, and any and all rights I have under the Settlement Agreement with respect to the Assigned Payments. I understand and intend that by doing so, I am giving to you all of the power and right I currently have under the Settlement Agreement with respect to the Assigned Payments, to endorse checks, drafts or other instruments, to alter, edit and change payment instructions and/or beneficiary designations, and/or to perform any other act in my name that, in your sole judgment as my Attorney-in-Fact, you feel is necessary or expedient for you to obtain all of the benefits of the bargain contemplated by this transaction. This power of attorney is coupled with an interest and shall survive my death or disability.

H. **Payments Received by the Party Other Than the Party Intended to Receive the Payments.**

    1. If, prior to the completion of the transfer provided for in this Agreement, I receive any of the Assigned Payments or any portion thereof, I understand and agree an equal amount shall be deducted from the Assignment Price, and the Assignment Price shall be reduced in the same amount as these payments, and that the terms of this Agreement regarding the payments to be assigned, shall be treated as amended to reflect for the adjusted amount.

    2. In the event you receive or otherwise come into possession of any of the Periodic Payment(s) or portion(s) of such a payment or payments that are not included in the payments being absolutely assigned to you, you agree to forward such amount(s) to me at the address set forth above within seven (7) days of receipt of such amount(s).

I. You shall be entitled to, and are authorized by me to discharge any liens or adverse claims against me or any of the Assigned Payments, whether or not such adverse claims are disclosed, and you are further authorized by me, provided you provide me with prior written notice, to pay any and all amounts necessary or, if the Assignment Price has been deposited into an escrow account, to instruct the escrow agent to pay any and all amounts necessary to discharge such liens or other adverse claims. I understand and agree that any such amounts that you pay are payments you are making on my behalf and shall be charged against and reduce what I actually receive out of the proceeds of the Assignment Price. Adverse claims may include disclosed amounts to be deducted by you from the Assignment Price to pay you, as servicer for Highpoint Funding, to enable me to obtain Highpoint Funding's release of its encumbrance on a portion of the Assigned Payments relating to a prior transfer transaction(s) that occurred before the enactment of any statute ("Transfer Act") regulating such transfers. I understand and acknowledge that the law now in effect requires that such encumbrance be released in order to complete the transfer that is the subject of this Agreement.

J. This Agreement shall take effect on the date it is signed by me (the Assignor) or on such later date prescribed by applicable statutory law.

K. All disclosure statements I receive from you in connection with this transaction are to be considered as incorporated into, and form part of the terms of this Agreement and shall be read as if the contents of the disclosure statements were set forth in full in the body of this agreement.

L. I know that it will take some time for the Settlement Obligor and the Annuity Issuer to receive and process the court order once it is granted. I would like to receive the Assignment Price or a portion thereof as soon as possible thereafter. Accordingly, I hereby request Assignee to pay me a portion of the Assignment Price as soon as possible after the court order is granted and authorize Assignee to hold in escrow an amount it deems necessary or advisable from the Assignment Price (the "Escrow Amount") until all conditions precedent have been satisfied, including, without limitation, the receipt by Assignee of the Settlement Obligor and the Annuity Issuer's acknowledgment of the terms of the court order in writing and their agreement to honor and comply with same. At such time or earlier as Assignee may determine, I understand that Assignee will send the Escrow Amount to me minus any Assigned Payments that the Annuity Issuer and/or Settlement Obligor sent to me while the Settlement Obligor and the Annuity Issuer were processing the court order.

M. I have the right to cancel this transfer agreement, without penalty or further obligation, within the first three business days after the date the agreement is signed, by providing you with written notice within the three (3) day period, as provided for in the next paragraph.

N. All notices, demands, and other communications required or permitted under this transfer agreement must be made in writing, and delivered by hand, by United States Post Office, Certified Mail, Return Receipt Requested, or by overnight delivery service, to you or me as the recipient at the address set forth in the beginning of this Agreement, and must be evidenced by a receipt showing time, date of delivery and the person receiving the delivery.

In witness whereof I hereunto set my hand.

*Ericka S Parker Trustee*

**Ericka S Parker Trustee For The Bankruptcy Estate Of Doris Rempe**

STATE OF _OHIO_
COUNTY OR CITY OF _LUCAS_

On the _16th_ day of _June_ in the year _2014_ before me, the undersigned, personally appeared **Ericka S Parker Trustee For The Bankruptcy Estate Of Doris Rempe**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

*Dana Pierce*
Notary

DANA PIERCE
Notary Public, State of Ohio
My Commission Expires 03-26-2020

My Commission expires on _____

Accepted: _____

**Highpoint Funding, LLC**

Title: _Processing Manager_

Date: _6/16/14_

# DISCLOSURE AFFIDAVIT

I, Ericka S Parker Trustee For The Bankruptcy Estate Of Doris Rempe, being of full age and duly sworn according to law, upon my oath depose and say:

1. ~~I currently reside~~ at 232 10th Street, Toledo, OH 43604.

   *ESP* → *My principal place of business is located at*

2. I am over the age of (18) years old and am I make this affidavit upon my own personal knowledge.

3. I received all of the statutorily required Disclosures on June ~~10~~ *15 ESP*, 2016, by E-mail, at the following e-mail address: *esparker@sbcglobal.net*

Further, the affidavit sayeth not.

*Ericka S Parker Trustee*
Ericka S Parker Trustee For The Bankruptcy Estate Of Doris Rempe

*6/14/16*
Date

STATE OF *OHIO*
COUNTY OR CITY OF *Lucas*

On the *16th* day of *June*, in the year *2016* before me, the undersigned, personally appeared **Ericka S Parker Trustee For The Bankruptcy Estate Of Doris Rempe**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

*Dana Pierce*

DANA PIERCE
Notary Public, State of Ohio *Notary*
My Commission Expires 03-26-2020

My Commission expires on _____

# INFORMATIONAL
## MISSOURI TRANSFER DISCLOSURE

**Payee: Ericka S Parker Trustee For The Bankruptcy Estate Of Doris Rempe**
**Resident of OH**

A.  Amounts and due dates of the structured-settlement payments to be transferred: Monthly life contingent payments each in the amount of $2,010.55 starting on 7/1/2016 and continuing for life increasing 2% Annually each December

B.  Aggregate amount of the payments: $990,188.04

C.  Discounted present value of the payments: $746,553.34 determined by applying the most recently published (discount) rate of 1.80% as of June 10, 2016.

D.  Gross amount payable to the Payee in exchange for such payments: $205,000.00

E.  Itemized listing of all brokers' commissions, service charges, application fees, processing fees, closing costs, filing fees, referral fees, administrative fees, legal fees, and notary fees and other commissions, fees, costs, expenses, and charges payable by the Payee or deductible from the gross amount otherwise payable to the Payee:
    Legal Fees: WAIVED;   Processing Fee: WAIVED

F.  Payee has been advised to consult with Payee's own attorney, certified public accountant, actuary, or other professional adviser concerning the legal, tax, and financial implications of a sale and transfer of structured settlement payment rights, including the federal and state income tax consequences of a sale and transfer.

G.  An estimate of the Administrative fee(s) being charged by the Annuity Owner and or the Annuity Issuer to be paid by the transferee (not the consumer) as a result of the transfer: Integrity Life Insurance Company - $500.00

Payee acknowledges receipt of, and acknowledges to have read and understood, the above disclosure statement and information

**required to be disclosed by Payee's applicable state statute(s).**

**Initials:** _ESP_

**By signing below you are confirming that you received a copy of this disclosure at least 3 days prior to executing your transfer agreement.**

_Ericka S Parker Trustee_

**Ericka S Parker Trustee For The Bankruptcy Estate Of Doris Rempe**

_6/14/16_

**Date**

# OHIO TRANSFER DISCLOSURE

**Payee: Ericka S Parker Trustee For The Bankruptcy Estate Of Doris Rempe**
**Resident of OH**

A. Amounts and due dates of the structured-settlement payments to be transferred: Monthly life contingent payments each in the amount of $2,010.55 starting on 7/1/2016 and continuing for life increasing 2% Annually each December

B. Aggregate amount of the payments: $990,188.04

C. Discounted present value of the payments: $746,553.34 determined by applying the most recently published (discount) rate of 1.80% as of June 10, 2016.

D. Gross amount payable to the Payee in exchange for such payments: $205,000.00

E. Itemized listing of all brokers' commissions, service charges, application fees, processing fees, closing costs, filing fees, referral fees, administrative fees, legal fees, and notary fees and other commissions, fees, costs, expenses, and charges payable by the Payee or deductible from the gross amount otherwise payable to the Payee: Legal Fees: WAIVED; Processing Fee: WAIVED

F. Net amount payable to Payee after deducting all commissions, fees, costs, expenses and charges described above: $205,000.00 minus any advances made to the Payee or on Payee's behalf, or claims satisfied, against the amount payable to Payee.

G. The net amount that you will receive from us in exchange for your future structured-settlement payments represent 27.46% of the estimated current value of the payments based upon the discounted value using the applicable federal rate.

H. Amount of any penalty and the aggregate amount of any liquidated damages, including penalties, payable by the Payee in the event of a breach of the transfer agreement by

the Payee: NONE

I.   Payee has been advised to consult with Payee's own attorney, certified public accountant, actuary, or other professional adviser concerning the legal, tax, and financial implications of a sale and transfer of structured settlement payment rights, including the federal and state income tax consequences of a sale and transfer.

J.   An estimate of the Administrative fee(s) being charged by the Annuity Owner and or the Annuity Issuer to be paid by the transferee (not the consumer) as a result of the transfer: Integrity Life Insurance Company - $500.00

Payee acknowledges receipt of, and acknowledges to have read and understood, the above disclosure statement and information required to be disclosed by Payee's applicable state statute(s).

Initials: _KSP_

**By signing below you are confirming that you received a copy of this disclosure at least 10 days prior to incurring an obligation with respect to the proposed transfer. I confirm I understand the transaction and believe the terms of the transaction are fair and reasonable and that the transaction is in the best interest of me and my dependents.**

_Ericka S Parker Trustee_

**Ericka S Parker Trustee For The Bankruptcy Estate Of Doris Rempe**

_6/16/16_

**Date**

---

**For Notary:**

STATE OF ___OHIO___
COUNTY OR CITY OF ___Toledo / Lucas County___

On the __16th__ day of __June__ in the year __2016__ before me, the undersigned, personally appeared Ericka S Parker Trustee For The Bankruptcy Estate Of Doris Rempe, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Dana Pierce_

**Notary**

DANA PIERCE
Notary Public, State of Ohio
My Commission Expires 03-26-2020

**My Commission expires on** _____

Label Matrix for local noticing
0647-3
Case 15-32999-maw
Northern District of Ohio
Toledo
Fri Jun  3 11:52:46 EDT 2016

Melville Capital SPG LLC
11575 Heron Bay Blvd
#106
Coral Springs, FL 33076-3304

United States Bankruptcy Court
1716 Spielbusch Ave    Room 411
Toledo, OH 43604-5384

American InfoSource LP as agent for
Parkview Health
PO Box 248838
Oklahoma City, OK  73124-8838

American InfoSource LP as agent for
Promedica Health System
as assignee of Defiance Regional Medical
PO Box 248838
Oklahoma City, OK  73124-8838

American InfoSource LP as agent for
Promedica Health System
as assignee of THE TOLEDO HOSPITAL
PO Box 248838
Oklahoma City, OK  73124-8838

(p)AMERICOLLECT INC
PO BOX 2080
MANITOWOC WI 54221-2080

Citi financial
P. O. Box 183172
Columbus, OH 43218-3172

(p)COLLECTION ASSOCIATES LLC
PO BOX 349
GREENSBURG IN 47240-0349

EXHIBIT

Commonwealth Financial
245 Main St
Dickson City, PA 18519-1641

Community Hospital & Wellness Ctr.
433 West High Street
Bryan, OH 43506-1690

Comnwlth Fin
245 Main St
Dickson City, PA 18519-1641

Comprehensive Pain Care Specialists
P. O. Box 932267
Cleveland, OH 44193-2267

Consultants in Laboratory Medicine
P. O. Box 975
Toledo, OH 43697-0975

Credit Adjustments
330 Florence Street
Defiance, OH 43512-2593

Defiance Hospital
P. O. Box 630713
Cincinnati, OH 45263-0713

Defiance Radiologist Associates
P. O. Box 119
Lima, OH 45802-0119

Finance System of Toledo
2821 N Holland-Sylvania Road
P O Box 351237
Toledo, OH 43635-1297

First National Collection Bureau
610 Waltham Way
Sparks, NV 89434-6695

Fort Wayne Radiology Assoc. LLC
P. O. box 371863
Pittsburgh, PA 15250-7863

Harvard Collection
4839 N Elston Ave
Chicago, IL 60630-2589

KeyBridge Medical Revenue
Attn: Bankruptcy
Po Box 1568
Lima, OH 45802-1568

Maumee Valley Guidance Center
211 Biede Avenue
Defiance, OH 43512-2497

OMNI Health Services
P. O. Box 88087
Chicago, IL 60680-1087

One Main Financial
P. O. Box 183172
Columbus, OH 43218-3172

Promedica Central Physicians, LLC
P. O. Box 11043
Belfast, ME 04915-4001

Promedica Physicians Group
5855 Monroe St
Sylvania, OH 43560-2270

Promedica Physicians Group
P. O. Box 1120
Sylvania, OH 43560-5120

Promedica Toledo Hospital
P. O. Box 630346
Cincinnati, OH 45263-0346

Rollc
1920 Greenspring D
Timonium, MD 21093-4110

Sanaritan Emer Phys LLP
75 Remittance Drive, Ste. 1151
Chicago, IL 60675-1151

Tax Ease Ohio, LLC
14901 Quorum Drive, Suite 900
Dallas, TX 75254-7021

Williams County Treasurer
100 S. Main Street, Suite H
Bryan, OH 43506-1766


Doris F Rempe
215 Ohio Drive
Bryan, OH 43506-8944

Bricka S Parker
232 10th Street
Toledo, OH 43604-5521

William J. Brenner
PO Box 411
112 N Defiance Street
Stryker, OH 43557-7714


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Americollect, Inc.
P. O. Box 1566
Manitowoc, WI 54221-1566

Collection Associates
1809 N Broadway St
Greensburg, IN 47240


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)CitiFinancial Servicing LLC

(d)Credit Adjustments Inc
330 Florence St
Defiance, OH 43512-2593

End of Label Matrix
Mailable recipients    35
Bypassed recipients     2
Total                  37