The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: July 12 2016**

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In re:  REMPE, DORIS F                                Case No. 15-32999

            Debtor(s)                                 Judge Mary Ann Whipple

## STIPULATED ORDER

    This cause came on for consideration by the agreement of the parties. The Court, being duly informed, finds as follows:

    1)    The Debtor filed a Chapter 7 bankruptcy on 09/15/15, and Ericka S. Parker is the duly appointed Trustee in this matter.

    2)    The Debtor is receiving a monthly annuity payment of $2010.55/month and increasing 2% a year each December from General American Life Insurance Company paid through an annuity issued by Integrity Life Insurance Company.

    3)    The Debtor acknowledges her exemption in this annuity was denied by the Court on on 4/7/16, docket entries #37 & 38.  Thereafter, upon instruction by debtor's counsel, the Trustee hired Melville Capital to market the sale of this annuity at an agreed commission at 16% which was Court authorized on 5/17/16, court docket entry #44.

4) Melville Capital has secured an offer to purchase this stream of annuity payments from General American Life Insurance Company paid through an annuity issued by Integrity Life Insurance Company to the Buyer Highpoint Funding LLC for $205,000 (subject to the terms and conditions set forth in the Absolute assignment Agreement attached hereto as Exhibit "A").

5) The Debtor consents to this sale and has agreed to cooperate in signing whatever documents necessary to accomplish this sale/assignment of this annuity to Highpoint Funding LLC in consideration of her receiving approximately $100,000 back as excess funds coming into the bankruptcy estate and the Trustee shall keep $105,000 of this $205,000 purchase price to pay all creditors and administrative costs in full.

6) That pursuant to Rule 2002(a)3, hearing and notice of this compromise be dispensed with due to the burden and expense of giving such notice, which would increase the cost to the estate and diminish the amount of money going back to the debtor, the fact that all administrative creditors and unsecured creditors will be paid in full, with an excess of $100,000 going back to the debtor.

After due consideration and for good cause shown, it is

**ORDERED** that the sale of the Debtor's annuity to Highpoint Funding LLC is hereby approved for $205,000.00. It is further

**ORDERED** that the Trustee shall pay $100,000 of this settlement to the Debtor upon receipt . It is further

**ORDERED** that pursuant to Rule 2002(a)3, that hearing and notice of this compromise be dispensed with due to the burden and expense of giving such notice and the small amount of the proposed compromise herein.

APPROVED BY:
**/s/ Thomas Molitierno**
WILLIAM J. BRENNER (deceased) by Thomas Molitierno
Attorney for the Debtor

**/s/Doris Rempe**
Doris Rempe per verbal conversation with Attorney Thomas Molitierno
Debtor

**/s/Ericka S. Parker**
Ericka S. Parker, Trustee

*The signatories above have executed this document prior to electronic submission.